# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RONNY GREEN, | ) |
| Movant, | ) |
| v. | ) Case No. 00-00552-CV-W-NKL-P |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Pending before the Court is Movant Ronny Green's motion to file a late notice of appeal [Doc. # 63]. For the following reasons, the Court GRANTS Green's motion.

## I.   Facts and Procedure

The following is a chronological listing of the procedural history of the case:

**June 20, 2011** The Court entered its Order denying Green's motion for relief from judgment.

**July 20, 2011** Green called the Clerk of Court to check on the status of his case, was informed by phone of the Order, and discovered that the Order had been mailed to an address at which Green no longer resided.

**July 25, 2011** Green first received a copy of the Court's Order at his correct address.

**July 31, 2011** Green mailed the United States Attorney's Office a copy of his motion for leave to file a late notice of appeal.

**August 19, 2011** The 60-day period in which Green could timely file a notice of appeal from the Court's Order expired.

**September 7, 2011** Green called the Clerk of Court and was informed that the Court never received a copy of his motion to file a late notice of appeal from Green or from the United States Attorney's Office.

**September 22, 2011** Green filed with the Court his motion for leave to file a late notice of appeal.

## II. Discussion

Federal Rule of Appellate Procedure 4 provides that the Court may extend the time for filing a notice of appeal upon motion by a party who both requests an extension within thirty days of the filing deadline and demonstrates excusable neglect. *Lowry v. McDonnell Douglas Corporation*, 211 F.3d 457, 462 (8th Cir. 2000). The parties agree that Green filed his motion for leave to file a late notice of appeal within the thirty-day deadline but disagree about whether Green can demonstrate excusable neglect. In determining whether neglect is excusable, the Court must consider "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The United States does not cite or argue the *Pioneer* factors, but merely claims that Green has not shown any reason why he should be granted a late appeal. The Court disagrees.

The *Pioneer* factors weigh in favor of granting Green a late appeal. In considering factor one, the Court notes that the United States has not argued that it would be prejudiced by a late appeal and the Court finds no prejudice. As for factor two, the length of the delay is minimal, considering the United States had notice that Green intended to appeal before Green's sixty-day deadline to file a late notice of appeal and that Green filed his motion within the required thirty days of that sixty-day deadline. *See Lowry*, 211 F.3d at 462 ("[D]elay will always be minimal in actual if not relative terms...since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal."). Further, there is no evidence that Green acted in bad faith, but rather the record indicates that Green has diligently pursued this appeal to the best of his ability, given his limitations as a *pro se* plaintiff who is incarcerated.

The final factor–Green's reason for missing the deadline–carries the "greatest import." *Lowry*, 211 F.3d at 463. Although "neglect need not be caused by circumstances beyond the control of the movant to be excusable" and "a finding of sufficient innocence on the part of the movant is not a condition precedent to [the Court's] obligation to consider the other equitable factors...at the end of the day, the focus must be upon the nature of the neglect." *Id*. (internal quotes omitted). Green was denied more than half the time granted to him by the rules for filing a notice of appeal by the unfortunate circumstance of the Court's Order being sent to an outdated address where Green could not receive it. The United States has not argued that Green neglected a duty to inform the Court of his change of address or that this circumstance was otherwise Green's fault. Further, the record reflects that the only

3

reason Green received a copy of the Court's Order when he did was because on his own initiative he called the Court to check the status of his case. Green claims that it was by simple mistake that he mailed a copy of his motion to the United States Attorney and not the Court, and Green's communications with the Clerk of Court in the record reflect surprise that the United States, upon receiving a copy of Green's motion for leave to file a late notice of appeal, did not share a courtesy copy of that motion with the Court. [Doc. # 63-2]. The Court finds that these mistakes and mistaken assumptions are excusable for a *pro se*, incarcerated plaintiff like Green, who has actively and diligently pursued his appeal in this case.

## III. Conclusion

Accordingly, Green's motion for leave to file a late notice of appeal [Doc. # 63] is GRANTED. The Clerk of Court is instructed to file Green's notice of appeal currently maintained in the Clerk's Office.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated:   December 21, 2011  
Jefferson City, Missouri

4